# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| NATHAN EASTERLING | CIV. ACTION NO. 3:23-00676 |
| VERSUS | JUDGE DAVID C. JOSEPH |
| DENNIS MUSE, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a motion to remand [doc. # 7] filed by Plaintiff Nathan Easterling.   The motion is opposed.   For reasons assigned below, it is recommended that the motion to remand be GRANTED.

## Background

On or about June 21, 2022, Nathan Easterling ("Easterling") sustained significant bodily injuries and property damage when his 1999 Dodge Ram 1500 was struck from behind on Interstate 20 in Ouachita Parish, Louisiana, by Dennis Muse ("Muse"), who had fallen asleep behind the wheel of the following vehicle.   ("Petition in Suit for Damages" [doc. # 1-1]). Almost ten months later, on April 14, 2023, Easterling filed the instant petition for damages against Muse; Muse's employer, Central Garden and Pet Company ("Central Garden"); and Muse and/or Central Garden's liability insurer, Ace American Insurance Company ("Ace").   *Id*. Easterling seeks recovery against Defendants for 49 particularized injuries and/or categories of damages that he sustained in the accident.   *Id*.

On May 20, 2023, Defendants, Muse and Central Garden, removed this matter to federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.   (Notice of Removal).   Muse and

Central Garden attached two returns to the Notice of Removal indicating that Defendants, Central Garden and Ace, each were served with the Petition and their attendant citations on April 21, 2023. *Id*. [doc. # 1-1].   Defendant, Muse, was served three days later on April 24, 2023. (Affidavit of Service; M/Remand, Exh. B).   Ace, however, did not join in the Notice of Removal.   *See* Notice of Removal.

On June 1, 2023, Easterling filed the instant motion to remand the case to state court, on the basis that removal was procedurally defective because Ace failed to join in, or to timely consent to, removal.

On June 12, 2023, Ace filed its answer, together with its untimely consent to removal. *See* doc. #s 11-12.

On June 22, 2023, Muse, Central Garden, and Ace (collectively, "Defendants") filed a joint response in opposition to the motion to remand.   (Defs.' Response [doc. # 18]).

On June 27, 2023, Easterling filed his reply brief.   (Pl. Reply [doc. # 22]).   Accordingly, the matter is ripe.

## Law and Analysis

A defendant may remove an action from state court to federal court, provided the action is one in which the federal court may exercise original jurisdiction.   *Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing 28 U.S.C. § 1441(a)).   The removing defendant bears the burden of establishing federal subject matter jurisdiction and ensuring compliance with the procedural requirements of removal.   *Id*.   The removal statutes are strictly construed in favor of remand.   *Id*.

It has long been the rule in the Fifth Circuit, that all properly joined and served defendants must join in the notice of removal or otherwise consent to removal within the 30-day

2

period set forth in 28 U.S.C. § 1446(b).   *Jones v. Scogin*, 929 F. Supp. 987, 988 (W.D. La. 1996) (citing *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1263 (5th Cir. 1988)).   Failure to do so, renders the removal defective.   *Getty Oil*, 841 F.2d at 1263.   While each defendant need not sign the notice of removal, there must be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action."   *Gillis v. Louisiana,* 294 F.3d 755, 759 (5th Cir. 2002) (quoting, *Getty, supra*).

The Federal Courts Jurisdiction and Venue Clarification Act of 2011 ("JVCA"), codified the foregoing principles, as follows: "[w]hen a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."   28 U.S.C. § 1446(b)(2)(A).   Here, Defendants do not argue that removal was predicated on any basis other than § 1441(a).   Therefore, all properly served and joined defendants were required to timely join in or consent to removal herein.

Prior to passage of the JVCA, the rule in the Fifth Circuit was that all defendants must join in or file a consent to removal within 30 days from when the *first* defendant was served. *Battley v. Nat'l Specialty Ins. Co.*, Civ. Action No. 13-447, 2014 WL 972066, at *3 (M.D. La. Mar. 12, 2014) (citing *Getty Oil Corp.,* 841 F.2d at 1262).   Following the 2011 amendment, all defendants must join in or consent to the removal within thirty days after the *last* defendant is served.[1]   *Murillo v. Del Cuore*, Civ. Action No. 20-1761, 2020 WL 5269945, at *1 (E.D. La. Sept. 4, 2020) (citations omitted); *LaForge v. Golden Nugget Lake Charles, LLC*, Civ. Action No. 18-0916, 2019 WL 1410341, at *2 (W.D. La. Feb. 26, 2019), *R&R adopted,* 2019 WL

---

[1] "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."   28 U.S.C. § 1446(b)(2)(C)

1388768 (W.D. La. Mar. 27, 2019); *Alford v. Chevron U.S.A. Inc.*, Civ. Action No. 13-5457, 2014 WL 37600, at *5 (E.D. La. Jan. 6, 2014).

Here, Muse was the last defendant to be served on April 24, 2023.   Consequently, Ace had to file its consent to removal by May 24, 2023.   It failed to do so.   Absent exceptional circumstances, a defendant's failure to consent to removal within the applicable 30-day period renders removal improvident under 28 U.S.C. § 1447(c).   *Getty Oil Corp.*, 841 F.2d at 1263 n.12.   As with other defects in the removal process, a plaintiff may waive a defendant's failure to consent to removal if he fails to raise the issue via motion to remand within 30 days after removal.   28 U.S.C. § 1447(c).   Easterling, however, timely challenged the court's removal jurisdiction.

Defendants advance several arguments in a determined attempt to excuse Ace's untimely consent.   First, Defendants argue that, as a liability insurer for a co-defendant, Ace is no more than a nominal party to this litigation.   The court observes that in an early attempt to characterize a nominal party, the Fifth Circuit cited district court decisions from Connecticut and Michigan which had defined a nominal party as either a mere depositary/stakeholder or an unnecessary or dispensable party.   *See Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants' Local 349, Int'l. Printing Pressmen & Assistants' Union of N. Am.,* 427 F.2d 325, 327 (5th Cir. 1970) (citations omitted).   The Fifth Circuit later reaffirmed, however, that the "bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the non-removing defendant in state court."   *Farias v. Bexar County Bd. of Trustees for Mental Health Mental Retardation Services,* 925 F.2d 866, 872 (5th Cir.1991); *see also Jett v. Zink,* 362 F.2d 723, 730 (5th Cir. 1966) (question is not whether the

4

parties are indispensable, but whether they were improperly joined).[2]  This, of course, is a shorthand restatement of the Fifth Circuit's usual improper joinder standard:  "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005) (citing *Travis v. Irby,* 326 F.3d 644, 647 (5th Cir. 2003)).

Defendants do not allege fraud in the pleading of jurisdictional facts.  Furthermore, they have neither alleged, nor established that Easterling does not have a viable cause of action against Ace.  It is manifest that the "Louisiana Direct Action statute allows a tort victim to sue both the insured and its insurer, as a solidary obligor . . ."  *New England Ins. Co. v. Barnett*, 465 Fed. App'x. 302, 309 (5th Cir. 2012) (citation omitted).  Indeed, "[t]he injured person . . . shall have a right of direct action against the insurer within the terms and limits of the policy; and, such action may be brought against the insurer alone, or against both the insured and insurer jointly and in solido . . ."  LA. R.S. § 22:1269(B)(1).

Moreover, one need look no further than *Hargiss v. Princeton Excess & Surplus Lines Ins. Co.*, to appreciate the importance of joining the liability insurer in a suit together with the insured.  *Hargiss v. Princeton Excess & Surplus Lines Ins. Co.*, Civ. Action No. 22-00886  (W. D. La.).  In *Hargiss*, the plaintiff did not join the tortfeasors' liability insurer in the underlying

---

[2] In *Acosta v. Master Maintenance and Const., Inc.*, the Fifth Circuit reverted to its initial construct of "nominal" party for removal purposes as "whether, in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff."  *Acosta v. Master Maint. & Const. Inc.*, 452 F.3d 373, 379 (5th Cir. 2006) (citing Tri-Cities Newspapers, Inc. 427 F.2d at 327)).  In *Acosta*, however, the nominal, nonconsenting parties had been severed from the case prior to removal upon plaintiffs' agreement to settle and dismiss all of their claims against the same parties.  *Id*.  Those circumstances are not present here.

action, only to have the insurer later deny coverage because it purportedly had not received

timely notice of the claim.  *Id.*

      In short, Defendants have not established that Ace was improperly joined such that it is

but a nominal party.[3]

      Defendants further argue that the Fifth Circuit has recognized that "exceptional

circumstances" might justify a removing defendant's failure to obtain timely consent of all its co-

defendants.   The concept of "exceptional circumstances" first appeared in *Brown v. Demco,*

*Inc.*, 792 F.2d 478, 482 (5th Cir. 1986).   *Wagner v. Gov't Employees Ins. Co.*, Civ. Action No.

18-10281, 2019 WL 626430, at *3 (E.D. La. Feb. 14, 2019).   In *Brown*, however, the Fifth

Circuit found no exceptional circumstances where there was no evidence that, by waiting to

name and serve certain defendants, the plaintiff had acted in bad faith in an attempt to thwart

removal.  *Brown, supra.*

      In *Gillis v. Louisiana*, the Fifth Circuit *did* find that exceptional circumstances excused a

timely filed, but belatedly authorized consent to removal by a non-removing defendant because

the consent could be authorized only at a board meeting, which was not timely held because of

scheduling conflicts interposed by the chairman, who, as it turned out, happened to be a plaintiff

in the suit.  *Gillis v. Louisiana*, 294 F.3d 755, 758 (5th Cir. 2002).

      In short, the very limited instances where the Fifth Circuit "has exercised its equitable

powers to permit a party to consent to removal outside of the statutorily prescribed time frame

---

[3] In fact, Muse and Central Garden offered no explanation at all for Ace's missing consent in
their Notice of Removal.   This omission alone precludes consideration of their newly proffered
excuses in response to the motion to remand.  *See Alford v. Chevron U.S.A. Inc.*, Civ. Action
No. 13-5457, 2014 WL 37600, at *6 (E.D. La. Jan. 6, 2014).

often concern plaintiff conduct, and not untimely consent to removal by a defendant." *Ortiz v. Young*, 431 Fed. App'x. 306, 307 (5th Cir. 2011). Likewise, "the few district courts that have found exceptional circumstances generally confronted situations involving bad faith, forum manipulation, and lost filings." *Cavalier v. Progressive Paloverde Ins. Co.*, Civ. Action No 21-1000, 2021 WL 4772108, at *2 (E.D. La. Oct. 13, 2021) (citation omitted).

Here, in contrast, there are no allegations or evidence to suggest that Easterling was responsible for Ace's tardy consent. Accordingly, this case does not present exceptional circumstances. *See Ortiz, supra*; *Colorado Rockies Trucking, LLC v. ATG Ins. Risk Retention Grp., Inc.*, Civ. Action No. 21-0093, 2021 WL 5587735, at *4 (S.D. Tex. Nov. 30, 2021).

The foregoing notwithstanding, Defendants stress that courts have found that exceptional circumstances might be present where the defendant made a diligent effort to contact its co-defendant(s) to obtain consent. However, in the cases cited by Defendants, the removing defendant's diligence arose in the context of the removing defendant's failure to discern that a co-defendant(s) had been served prior to removal such as to necessitate the co-defendant's consent. *See Cavalier, supra* (removing defendant was not diligent where its only effort to obtain consent was to call the state clerk of court to determine whether the co-defendant had been served); *Grant v. FCA US, LLC*, Civ. Action No. 19-7749, 2019 WL 2635930, at *2 (E.D. La. June 27, 2019) (removing defendant's failure to attempt to contact the other defendants and the lack of facts supporting bad faith and forum manipulation did not present an exceptional circumstance); *Bilyeu v. Johanson Berenson, L.L.P.*, Civ. Action No. 08-2006, 2010 WL 1189822, at *1 (W.D. La. Mar. 26, 2010) (court excused removing defendant's failure to obtain consent from at least eight other defendants where the state clerk of court identified a return of

7

service for only a single defendant); *Wagner v. Gov't Employees Ins. Co.*, Civ. Action No. 18-10281, 2019 WL 626430, at *5 (E.D. La. Feb. 14, 2019) (exceptional circumstances present where plaintiffs delayed filing a service return until the day after removal, and plaintiffs failed to disclose service on the co-defendant in a conversation with removing defendant the day before removal).

In this case, however, Muse and Central Garden knew that Ace had been served prior to removal because they attached a copy of Ace's service return to their Notice of Removal.   In fact, counsel for Muse and Central Garden acknowledged as early as May 12, 2023, his understanding that Ace had been served with the petition.   *See* May 12, 2023 email from I. Gonzalez to V. Luna; Defs.' Opp. Brief, Exh. A.   Nonetheless, the Notice of Removal provides no explanation for Ace's failure to join in or consent to the removal.

Muse and Central Garden also emphasize that they "consistently" reached out to Ace to obtain its consent.   To support their contention, they attached a total of two emails to their opposition brief:   the May 12 email and a May 24, email.   *See* May 12 and 24, 2023 emails from I. Gonzalez to V. Luna; Defs.' Opp. Brief, Exh. A.   Neither email, however, directly mentions or solicits Ace's consent to removal.   Thus, even if a removing party's "diligence" might excuse its failure to obtain the consent of all other properly joined and served co-defendants, those circumstances are not present here.

Finally, Defendants argue that lack of prejudice to Easterling and/or equity warrant an exception to the 30-day consent to removal deadline.   However, plaintiffs are not required to show prejudice as a precondition to enforcing the statutorily imposed procedural removal requirements.   Furthermore, the court is not persuaded that equity supports an exception to the

removal requirements in this case.   Defendants assert, without any supporting evidence, that Ace experienced delays beyond its control, which it attributed to its internal corporate procedures that ensure proper service and retention of counsel.   Even if Ace's own corporate procedures caused the delay, this type of delay does not present extraordinary circumstances.[4]   *See Ortiz, supra* (no injustice will be remedied by the court excusing a tardy consent to removal).    Every corporate defendant has to navigate these same procedural hurdles in an expeditious manner if it wants to avail itself of the opportunity to remove a case to federal court.   Certainly, as a liability insurer, Ace is no stranger to litigation or the time constraints related to removal.

For all of these reasons, the undersigned finds that all Defendants did not timely join in, or consent to removal.   *Getty Oil, supra*.   This omission was timely raised by Easterling and renders removal improvident.   Thus, it is recommended that the Court find remand is required. 28 U.S.C. § 1447(c).

## Conclusion

For the reasons detailed above,

IT IS RECOMMENDED that the motion to remand [doc. # 7] filed by Plaintiff Nathan Easterling be GRANTED and that this matter be remanded to the Fourth Judicial District Court for the Parish of Ouachita, State of Louisiana, whence it was removed.   28 U.S.C. § 1447(c).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.   A party may respond to another party's objections

---

[4] Unlike *Gillis, supra*, there were no machinations by Plaintiff to retard Ace's authorization to consent to removal.

9

within **fourteen (14) days** after being served with a copy thereof.   A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.   Timely objections will be considered by the District Judge before he makes a final ruling.

**A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an aggrieved party, except on grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district judge.**

In Chambers, at Monroe, Louisiana, on this 7th day of August, 2023.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE